DORIS A. KAELIN (162069)
LOVEE D. SARENAS (204361)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Boulevard, Suite 200
Cupertino, CA 95014-2548
(650) 852-9000; (408) 907-9200
(650) 852-9244 (Facsimile)
Email: dkaelin@murraylaw.com

Attorneys for CO Liquidation, Inc.
and COO Liquidation, Inc.[1]

FILED

OCT - 6 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>CO LIQUIDATION, INC.,<br><br>Debtor.<br><br>Employer Tax I.D. No.: 94-3392885<br><br>In re:<br><br>COO LIQUIDATION, INC.,<br>a wholly owned subsidiary of CO Liquidation, Inc.<br><br>Debtor.<br><br>Employer Tax I.D. No.: 68-0322810 | District Court Case No. C 05 3616 CW<br><br>Lead Bankruptcy Case No. 04-32820-DM-11 (*Substantively Consolidated with* Bankruptcy Case No. 04-32821-DM-11 *Pursuant to Order Confirming Plan of Reorganization*)<br><br><br><br>[*No Hearing Required*] |

[PROPOSED] ORDER GRANTING (i) LIMITED WITHDRAWAL OF REFERENCE PURSUANT TO 28 U.S.C. § 157(d); AND (ii) TRANSFER OF VENUE PURSUANT TO 28 U.S.C. §§ 1404(a) AND 1412

I.
RECITALS

A.  On or about September 3, 2005, the Bankruptcy Court for the Northern District of California ("Bankruptcy Court") filed with this Court its RECOMMENDATION OF BANKRUPTCY COURT

---

[1] The following entities are the Debtors in these cases: CO Liquidation, Inc. (f.k.a. Commerce One, Inc.) and COO Liquidation, Inc. (f.k.a. Commerce One Operations, Inc.)

DAK:LDS
K:\Commerce One\PI\Withdrawal of Ref-ORD-2.wpd

-1-

[Proposed] Order for a Limited Withdrawal of Reference Pursuant to 28 U.S.C. § 157(d); and Transfer of Venue Pursuant to 28 U.S.C. §§ 1404(a) and 1412 - (C 05 3616 CW)

TO THE DISTRICT COURT RE LIMITED WITHDRAWAL OF REFERENCE PURSUANT TO 28 U.S.C. § 157(d) ("Recommendation") of the consolidated bankruptcy cases of CO Liquidation, Inc. and COO Liquidation, Inc. (collectively, the "Debtors").

B. As set forth in the Recommendation, the Debtors' Plan[2] provides for the transfer of jurisdiction and venue over the allowance of the Shareholder Litigation Claim and the Officers' and Directors' Indemnifications Claims (as defined in the Recommendation).

C. A hearing on this matter is not required under the circumstances pursuant to the Court's powers under 28 U.S.C. § 157(d).

## II.
## ORDER

NOW, THEREFORE, based on the foregoing Recitals and the Court having reviewed the Recommendation of the Bankruptcy Court; the Court finding further that such requested relief is necessary to fully implement the Debtors' Plan as recommended by the Bankruptcy Court; and good cause appearing therefor,

IT IS HEREBY ORDERED as follows:

1. The Court adopts the Recommendation of the Bankruptcy Court, attached to this Order as Exhibit "A" and incorporated herein by reference, in its entirety;

2. The reference of 28 U.S.C. § 157(a) to the Bankruptcy Court is hereby withdrawn relative to the Shareholder Litigation Claim Proceedings And Matters and the Officers' And Directors' Indemnification Claims Proceedings And Matters; provided, however, that the reference is not withdrawn as to the identification of the sources from which any payment or other distribution might be made on any allowed Shareholder Litigation Claim and/or any Officers' And Directors' Indemnification Claim, but that the treatment set forth in the Plan (that any such allowed claims be payable only from the Litigation Trust and/or the Officers' and Directors' Insurance Policies, as defined in the Plan) shall remain binding on the parties and subject to the jurisdiction of the Bankruptcy Court at the time of approval of the Plan notwithstanding any limited withdrawal of the reference and/or transfer of venue; and

---

[2] Any term not defined herein shall have the meaning ascribed in the Recommendation.

DAK:LDS
K:\Commerce One\Pl\Withdrawal of Ref-ORD-2.wpd

-2-

[Proposed] Order for a Limited Withdrawal of Reference Pursuant to 28 U.S.C. § 157(d); and Transfer of Venue Pursuant to 28 U.S.C. §§ 1404(a) and 1412 - (C 05 3616 CW)

3. Jurisdiction and venue relative to the Shareholder Litigation Claim Proceedings And Matters and the Officers' And Directors' Indemnification Claims Proceedings And Matters is hereby transferred effective August 9, 2005 (the "Effective Date" of the Plan) to the United States District Court for the Southern District of New York, the Honorable Shira A. Scheindlin presiding, or such other court as may have jurisdiction, from time to time, over those cases consolidated as *In re Commerce One, Inc. Initial Public Offering Securities Litigation,* Civ. No. 01-CV-5575 (SAS) (S.D.N.Y.), *coordinated with other actions as In re Initial Public Offering Securities Litigation,* 21 MC 92 (SAS) (S.D.N.Y.).

*** END OF ORDER ***

OCT - 6 2005

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DAK:LDS
K:\Commerce One\PI\Withdrawal of Ref-ORD-2.wpd

-3-

[Proposed] Order for a Limited Withdrawal of Reference Pursuant to 28 U.S.C. § 157(d); and Transfer of Venue Pursuant to 28 U.S.C. §§ 1404(a) and 1412 - (C 05 3616 CW)

1
2
3
4
5
6
7
8
9
...
28

# Exhibit "A"

## CO Liquidation, Inc. and COO Liquidation, Inc.

District Court Case No. C 05 3616 CW

Lead Bankruptcy Case No. 04-32820-DM-11
(Substantively Consolidated with Bankruptcy Case No. 04-32821-DM-11
Pursuant to Order Confirming Plan of Reorganization)

To

**ORDER GRANTING (i) LIMITED WITHDRAWAL OF REFERENCE PURSUANT TO 28 U.S.C. § 157(d); AND (ii) TRANSFER OF VENUE PURSUANT TO 28 U.S.C. §§ 1404(a) AND 1412.**

DAK:LDS
K:\Commerce One\Pl\Withdrawal of Ref-ORD-2.wpd

-4-

[Proposed] Order for a Limited Withdrawal of Reference Pursuant to 28 U.S.C. § 157(d); and Transfer of Venue Pursuant to 28 U.S.C. §§ 1404(a) and 1412 - (C 05 3616 CW)

Entered on Docket
August 30, 2005
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: August 30, 2005

_____
DENNIS MONTALI
U.S. Bankruptcy Judge

1  DORIS A. KAELIN  (162069)
   LOVEE D. SARENAS  (204361)
2  MURRAY & MURRAY
   A Professional Corporation
3  19400 Stevens Creek Boulevard, Suite 200
   Cupertino, CA 95014-2548
4  (650) 852-9000; (408) 907-9200
   (650) 852-9244 (Facsimile)
5  Email: dkaelin@murraylaw.com

6  Attorneys for CO Liquidation, Inc.
   and COO Liquidation, Inc.[1]

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>CO LIQUIDATION, INC.,<br>    Debtor.<br>Employer Tax I.D. No.: 94-3392885 | Case No. 04-32820-DM-11<br>Substantively Consolidated Chapter 11 Cases<br>Per Order Confirming Plan of Reorganization |
| In re:<br>COO LIQUIDATION, INC.,<br>a wholly owned subsidiary of CO Liquidation, Inc.<br>    Debtor.<br>Employer Tax I.D. No.: 68-0322810 | Case No. 04-32821-DM-11<br>[*No Hearing Required*] |

### RECOMMENDATION OF BANKRUPTCY COURT TO THE DISTRICT COURT RE LIMITED WITHDRAWAL OF REFERENCE PURSUANT TO 28 U.S.C. § 157(d)

TO: THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION:

COMES NOW the Honorable Dennis Montali, United States Bankruptcy Court Judge for the Northern District of California, San Francisco Division, who hereby recommends a limited withdrawal

---

[1] The following entities are the Debtors in these cases: CO Liquidation, Inc. (f.k.a. Commerce One, Inc.) and COO Liquidation, Inc. (f.k.a. Commerce One Operations, Inc.).

DAK:
K:\Commerce One\PI\FINAL\RecReWithdrawal-2.wpd

Recommendation Of Bankruptcy Court To the District Court Re Limited Withdrawal Of Reference Pursuant To 28 U.S.C. § 157(d)

-1-

EXHIBIT A

of the reference of 28 U.S.C. § 157(a) in this case, as follows:

## I.

### RECITALS

1. On October 6, 2004, CO Liquidation, Inc., formerly known as Commerce One, Inc., and COO Liquidation, Inc., formerly known as Commerce One Operations, Inc., the debtors and debtors in possession (collectively, the "Debtor" or "Company") in the above-captioned bankruptcy cases, filed their respective Chapter 11 Voluntary Petitions under the Bankruptcy Code (collectively, the "Bankruptcy Case"). The Bankruptcy Case has been substantively consolidated pursuant to the Confirmation Order (defined at Paragraph 3 below).

2. On May 20, 2005, the Debtor filed its DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION (DATED MAY 20, 2005) ("Plan") which the Court approved at the confirmation hearing on July 25, 2005 subject to certain modifications set forth on the record and as provided for in the Confirmation Order.

3. On July 28, 2005, this Court entered the ORDER (1) APPROVING IN FINAL DEBTORS' DISCLOSURE STATEMENT; AND (2) CONFIRMING DEBTORS' PLAN OF REORGANIZATION (DATED MAY 20, 2005) ("Confirmation Order"). A true and correct copy of the Confirmation Order, which includes a copy of the Plan as an exhibit thereto, was filed separately as Exhibit "A" to this Recommendation bearing docket number 510 and by this reference incorporated herein.

4. The Plan provides for the transfer of jurisdiction and venue over the allowance of two sets of claims pertaining to certain securities litigation pending in the U.S. District Court for the Southern District of New York, and related indemnification claims: the Shareholder Litigation Claim and the Officers' and Directors' Indemnification Claims:

    a. The Shareholder Litigation Claim. The Shareholder Litigation Claim is defined in the Plan as "[t]he Claim evidenced by the Proof of Claim filed in the Bankruptcy Court on December 17, 2004 by Stamel & Schager, LLP, in the amount of 'in excess of $792,000.'" [¶81, Exhibit A to Plan.] The Plan provides the following description of the Shareholder Litigation Claim: "The Shareholder Litigation Claim arose out of conduct related to the IPO for the Company's common stock in July 1999. In December 2000,

DAK:
K:\Commerce One\PI\FINAL\RecReWithdrawal-2.wpd

-2-

Recommendation Of Bankruptcy Court To the District Court Re Limited Withdrawal Of Reference Pursuant To 28 U.S.C. § 157(d)

allegations were initially publicized that the underwriters of various initial public offerings had (1) improperly agreed to allow certain customers to purchase shares in the offerings in exchange for excess commissions paid to the underwriters; and (2) arranged for certain customers to purchase additional shares in the aftermarket at predetermined prices. By this conduct, the underwriters were alleged to have manipulated the offering and subsequent stock trading prices of various issuers, causing substantial damages to persons who purchased and/or sold the stock. These allegations turned into litigation involving CO when certain individuals commenced a purported class action ("Securities Action") in the U.S. District Court for the Southern District of New York ("New York District Court") against CO, eleven of its then officers and/or directors ("CO Directors and Officers") and the Underwriters. The case is one of over 300 actions consolidated in the District Court." [Plan at Section 3.4.5.].[2]  The holders of the Shareholder Litigation Claim, provided for in Class 6 of the Plan, voted in favor of the Plan. [Exhibit A to BALLOT TABULATION RE DEBTORS' DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION (DATED MAY 20, 2005) filed on July 20, 2005.]

b. The Officers' and Directors' Indemnification Claims. The Officers' and Directors' Indemnification Claims are defined in the Plan as "[t]he proofs of Claim filed by the following persons:  Asim Abdullah, Jack Acosta, John Balen, Wain Beard, Chuck Boynton, William Elmore, Beth A. Frensilli, Kenneth G. Gardner, Todd Hagen, William Harding, Mark B. Hoffman, Meichun Hsu, Irv Lichtenwald, Ed Mueller, Mark Pecoraro, Peter Pervere, Kip Quackenbush, Stewart Schuster, Peter Seidenberg, Narry Singh, Jay Tenenbaum, Alex S. Vieux, and Paul Warenski; and the Claims of any other officer or director of the Debtor, past or present, based on rights of reimbursement, contribution or indemnification." [¶61, Exhibit A to Plan.] Class 7 of the Plan consists of the Officers' and Directors' Indemnification Claims to the extent that such claims are

---

[2] Pursuant to the Plan, Debtor reserves, among other defenses the estate might have to the claim, defenses that the Shareholder Litigation Claim does not qualify as a class claim because, for example, permitting recovery on this Proof of Claim would result in a double recovery for the Company's shareholders, that there is a conflict within the alleged class such that the plaintiffs cannot fairly represent the class, or the bankruptcy system can adequately address the interests of the purported class members without certifying the class under the Proof of Claim.

DAK:
K:\Commerce One\PI\FINAL\RecReWithdrawal-2.wpd

Recommendation Of Bankruptcy Court To the District Court Re
Limited Withdrawal Of Reference Pursuant To 28 U.S.C. § 157(d)

-3-

based on their right to indemnity or contribution from the Debtor in connection with the IPO, the Securities Action, or the Shareholder Litigation Claim. Class 7 voted in favor of the Plan. [Exhibit A to BALLOT TABULATION RE DEBTORS' DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION (DATED MAY 20, 2005) filed on July 20, 2005.]

5. The Plan provides for the transfer of jurisdiction and venue over the allowance of the Shareholder Litigation Claim (including without limitation all determinations whether such claim may be certified as a class claim) and the Officers' and Directors' Indemnification Claims (including without limitation jurisdiction to adjudicate the liability of the holders of the Officers' and Directors' Indemnification Claims to the holders of the Shareholder Litigation Claim), and all matters related thereto, to the United States District Court for the Southern District of New York in which the Securities Action is pending. [Sections 9.5 and 9.6 of the Plan.]

## II.

### RECOMMENDATION RE LIMITED WITHDRAWAL OF REFERENCE OF 28 U.S.C. § 157(a)

To facilitate the consummation of the Plan, this Court recommends, pursuant to 28 U.S.C. § 157(d) and Local Bankruptcy Rule 5011-2 (b), that the United States District Court for the Northern District of California, San Francisco Division, withdraw the reference of 28 U.S.C. § 157 (a) relative to (i) the allowance of the Shareholder Litigation Claim (including without limitation all determinations whether such claim may be certified as a class claim) and any and all pending or potential proceedings or contested matters related thereto (collectively, the "Shareholder Litigation Claim Proceedings and Matters"), and (b) the allowance of the Officers' and Directors' Indemnification Claims (including without limitation any jurisdiction to adjudicate the liability of the holders of the Officers' and Directors' Indemnification Claims to the holders of the Shareholder Litigation Claim and/or all persons who accept the benefits of the consideration provided by the Plan to the holders of the claims in Class 7) and any and all pending or potential proceedings or contested matters related thereto (collectively, the "Officers' and Directors' Indemnification Claims Proceedings and Matters") such that jurisdiction and venue over the Shareholder Litigation Claim Proceedings and Matters and the Officers' and Directors' Indemnification Claims Proceedings and Matters may be transferred as of the Effective Date

DAK:
K:\Commerce One\PI\FINAL\RecReWithdrawal-2.wpd

-4-

Recommendation Of Bankruptcy Court To the District Court Re Limited Withdrawal Of Reference Pursuant To 28 U.S.C. § 157(d)

of the Plan[3] to the New York District Court or such other court as may have jurisdiction, from time to time, over those cases consolidated as *In re Commerce One, Inc. Initial Public Offering Securities Litigation*, Civ. No. 01-CV-5575 (SAS) (S.D.N.Y.), *coordinated with other actions as In re Initial Public Offering Securities Litigation*, 21 MC 92 (SAS) (S.D.N.Y.).

This Court further recommends, however, that the reference not be withdrawn as to the identification of the sources from which any payment or other distribution might be made on any Allowed Shareholder Litigation Claim and/or Officers' and Directors' Indemnification Claim, but that the treatment set forth in the Plan (that any such allowed claims be payable only from the Litigation Trust and/or the Officers' and Directors' Insurance Policies, as defined in the Plan) shall remain binding on the parties currently subject to the jurisdiction of this court notwithstanding any limited withdrawal of the reference and/or transfer of venue.

*END OF ORDER*

---

[3] Pursuant to the Confirmation Order, the Effective Date of the Plan is August 9, 2005. [¶13 of the Confirmation Order.]

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

Official Committee Of Unsecured Creditors,

        Plaintiff,

v.

et al,

        Defendant.
_____/

Case Number: CV05-03616 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 6, 2005, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Office of the U.S. Trustee/SF
235 Pine Street
Suite 700
San Francisco, CA 94104

USBC Manager-San Francisco
United States Bankruptcy Court
235 Pine Street
P.O. Box 7341
San Francisco, CA 94120-7341

Dennis Montali
U.S. Bankruptcy Judge
US Bankruptcy Court, San Francisco
San Francisco, CA 94120-7341

G. Larry Engel
White & Case
3 Embarcadero Center
22nd Floor
San Francisco, CA 94111
Francisco, CA 94111

Lovee D. Sarenas
Murray & Murray
19400 Stevens Creek Blvd.
Suite 200
Cupertino, CA 95014-2548

Paul Warenski
One Market Plaza
Steuart Tower
Suite 1300
San Francisco, CA 94105

Dated: October 6, 2005

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk